UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES ex rel. PEGGY FOSTER, | ) | No. CV 96-3675 CBM (SHx) |
| Plaintiff | ) | **ORDER** RE Defendants' Motion to Dismiss |
| vs. | ) | |
| THE PARSONS CORPORATION et al., | ) | |
| Defendants | ) | |

The matter before the Court is Defendants' Motion to Dismiss pursuant to Fed. R. Civ. Proc. 9(b) & 12(b)(6). Counsel appeared before the Court, the Honorable Consuelo B. Marshall, United States District Judge presiding. Upon consideration of the papers and arguments submitted, the Court hereby grants Defendants' Motion to Dismiss claim one pursuant to Rule 9(b) with leave to amend, denies Defendant's Motion to Dismiss claims two through five pursuant to Rule 12(b)(6), but dismisses claims three through five without prejudice pursuant to 28 USC §§ 1367(c)(1) & (c)(2).

**BACKGROUND AND PROCEDURAL HISTORY**

This is a *qui tam* action. Relator Peggy Foster filed this action on May 22, 1996, on behalf of the United States of America (the "United States") against Parsons Corporation and a number of its subsidiaries. The original complaint filed in this action asserted a FCA claim

FEB 18 2000

under various subsections of Section 3729(a) and a retaliation claim under Section 3730(h). The United States elected not to intervene on March 23, 1999, and the Court lifted the seal from the complaint on March 26, 1999. Relator filed a First Amended Complaint under seal on May 24, 1999. The FAC added three state claims and named additional defendants. By its order of July 1, 1999, the Court unsealed the FAC and ordered Relator to file a Second Amended Complaint (the "2AC"). The 2AC names twenty defendants:

| | |
|---|---|
| 1. Parsons Corp. ("Parsons") | 12. Gilbert Commonwealth, Inc. |
| 2. Parsons Infrastructures & Tech. Group, Inc. ("PIT") | 13. Parsons Harland Bartholomew & Assoc., Inc. |
| 3. Ralph M. Parsons Co. | 14. Aus-Main Clean Air Tech. |
| 4. Parsons Engineering Science, Inc. | 15. Parsons Transportation Group |
| 5. Parsons Environmental Serv., Inc. | 16. Steinman, Boynton, Gronquist & Bidsall, Inc. |
| 6. Parsons Main, Inc. | |
| 7. Parsons SIP, Inc. | 17. Parson Energy & Chemical Group |
| 8. Parsons Development Co. | 18. Parsons Construction Serv., Inc. |
| 9. Parsons Int'l, Inc. | 19. Parsons Constructors, Inc. |
| 10. Barton-Aschman Assoc., Inc. | 20. Parsons Power Group, Inc. |
| 11. De Leuw Cather & Co., Inc. | |

Of the defendants, there are allegedly nine Delaware corporations, six California corporations, two Illinois corporations, one New Jersey, one Nebraska, and one Massachusetts corporation. Relator alleges that venue is proper in this district pursuant to 28 USC § 1391(b), because Defendants do business and have made false claims in this district.

Relator alleges that Parsons is one of the world's largest full-service engineering and construction organizations. Parsons, as the sole owner of the Defendant subsidiaries, allegedly directs, controls, and is in conspiracy with the subsidiaries to commit the wrongdoing alleged by Relator. Relator alleges that Parsons is owned 100% by the Parsons Corp Employee Stock Owners Plan. Relator alleges that from February 1994 to May 1996, she was employed by PIT or its predecessors--ES or Parsons ES, as Manager of Administrative Services--with routine access to Defendant's central accounting system (PRISM) and supervision responsibilities for various accounting functions. In sum, Relator alleges that from 1986 to present, Defendants have engaged in and/or permitted and/or encouraged accounting and timekeeping practices known internally as "Parsons Style," that creates false time and billing records, and leads to overbilling on government contracts. Relator alleges that she refused to participate in the

practices and tried to discourage and correct them. Relator alleges that because of her actions and her investigation of the conduct alleged, she was harassed in retaliation and constructively discharged on May 7, 1996.

The 2AC asserts a claim against all defendants for (1) violation of 31 USC § 3729(a)(1); and claims against Parsons and PIT only for: (2) violation of 31 USC 3730(h) (*qui tam* retaliation claim); (3) retaliation and wrongful discharge in violation of state public policy; (4) breach of implied contract of employment; (5) and breach of implied covenant of good faith and fair dealing. Defendants filed this Motion to Dismiss claim one for lack of particularity under Rule 9(b) and to dismiss the remaining claims for failure to state a claim under Rule 12(b)(6).

## STANDARD OF LAW

A motion to dismiss for failure to state a claim will be denied unless it appears that the plaintiff can prove no set of facts which would entitle her to relief. Conley v. Gibson, 355 US 41, 45-46; Wool v. Tandem Comp. Inc., 818 F.2d 1433, 1439 (9th Cir. 1987). All material allegations in the complaint must be taken as true and construed in the light most favorable to the plaintiff. Wool, 818 F.2d at 1439. Documents attached to a complaint to which the complaint specifically refers are deemed part of the complaint and may be considered in evaluating the merits of a Rule 12(b) motion. Branch v. Tunnell, 14 F.3d 449, 453 (9th Cir. 1994).

## DISCUSSION

### I. Motion to Dismiss Claim One under Rule 9(b)

Defendants argue that claim one should be dismissed because Relator failed to specifically ascribe false claims to fifteen of the twenty defendants; failed to identify which employees were involved with which claims; failed to identify any false claims that Defendants presented or caused to be presented to the government during the time period preceding and following Relator's employ (1986-93 and 1996- present); failed to identify any false claim actually submitted to the government; failed to identify the government contracts affected; and failed to allege anything but conclusory statements regarding the Defendants' alleged conspiracy to defraud the government.

///

## A. Rule 9(b) and False Claims Act

To state a claim under the FCA, Relator must specifically allege that the Defendants (1) knowingly presented or caused to be presented, (2) to an officer or employee of the United States government or a member of the Armed Forces of the United States (3) a false or fraudulent claim for payment or approval. 31 USC § 3729(a)(1). Rule 9(b) requires that in all averments of fraud and mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Fed. R. Civ. Proc. 9(b). However, Rule 9(b) does not require nor make legitimate the pleading of detailed evidentiary matter. Walling v. Beverly Enterprises, 476 F.2d 393, 397 (9th Cir. 1978). Nor does Rule 9(b) require any particularity in connection with an averment of intent, knowledge or condition of the mind. Id. Pleading is sufficient under Rule 9(b) if it identifies the circumstances constituting fraud so that the defendant can prepare an adequate answer from the allegations. Wool, 818 F.2d at 1439; Walling, 476 F.2d at 397. While mere conclusory allegations of fraud are insufficient, statements of the time, place and nature of the alleged fraudulent activities are sufficient. Wool, 818 F.2d at 1439.

## B. Analysis

The Court has reviewed the 2AC and the attached exhibits. Read in the light most favorable to Relator, the 2AC identifies four false timekeeping schemes allegedly practiced and/or encouraged by some of the Defendants using PRISM. Relator has provided some examples of dates, names of employees involved, government projects allegedly charged, and discrepancies in timekeeping that occurred during her employ. Although the Court finds that this would be sufficient to put Defendants on notice as to the nature of wrongful conduct that might satisfy a claim under Section 3729(a)(2) (knowingly makes, uses, or causes to be made or used a false *record* to get a false claim paid), Relator fails to make specific allegations that could prove false claims were actually submitted to the government (knowingly presented or caused to be presented a false or fraudulent *claim for payment or approval*). Thus, Relator fails to state a claim under Section 3729(a)(1). U.S. ex rel. Hopper v. Anton, 91 F.3d 1261, 1265-66 (9th Cir. 1996). As to the fifteen corporations Defendants have identified, against which Relator makes no specific allegations, the Court finds that Relator has not pled sufficient facts to state a claim

- 4 -

for liability by theories of alter ego or "single business enterprise" as to those corporations. See, e.g., Orloff v. Allman, 819 F.2d 904, 909 (9th Cir.1987), abrogated on other grounds, Hollinger v. Titan Corp., 914 F.2d 1564 (9th Cir.1990). The Court GRANTS Defendant's Motion to Dismiss claim one on this basis, with leave to amend.

## II. Motion to Dismiss Claims Two through Five under Rule 12(b)(6)

### A. Claim Three for Retaliation under State Law is not Preempted

Defendants argue that claim three for retaliation and wrongful termination under state law is inconsistent with and preempted by the FCA, because the state law claim provides for punitive damages. The Ninth Circuit has not addressed this question. Defendants' reliance upon Campbell v. Aerospace Corp., 123 F.3d 1308, 1315 (9th Cir. 1997), is misplaced, as that holding merely precluded the establishment of federal question jurisdiction based on a California claim for retaliation in violation of public policy, where the plaintiff relied upon the FCA to establish the policy. For the reasons set forth in Relator's Opposition papers, (see Rel. Opp. at 22-24), the Court finds that claim three is not preempted by the FCA.

### B. Claims Two through Five are not Time-barred

Relator alleges that she was terminated in May 1996. Relator's state law claims--for retaliation and wrongful discharge in violation of public policy (claim three), breach of implied contract of employment (claim four), and breach of implied covenant of good faith and fair dealing (claim five)--were first asserted in the FAC filed May 24, 1999. These claims are against Parsons and PIT only. PIT was first named as a Defendant in the FAC. Defendants argue that Relator's FCA retaliation claim against PIT and Relator's state law claims are time barred under California law and that the doctrine of relation back does not apply here because Parsons and PIT had no notice of the claims in the original complaint that was filed under seal. Relator argues that the claims are timely under Utah law, and would relate back to the original complaint in any event.

An FCA retaliation claim is governed by the most analogous state law statute of limitations. United States ex rel. Lujan v. Hughes Aircraft Co., 162 F.3d 1027, 1035 (9th Cir. 1997) (applying statute of limitations for wrongful termination in violation of California public

-5-

policy). In a federal question action where the federal court is exercising supplemental jurisdiction over state claims, the federal court applies the choice-of-law rules of the forum state. Paracor Finance, Inc. v. General Elec. Capital Corp., 96 F.3d 1151, 1164 (9th Cir. 1996). California uses a "governmental interest" approach to resolve choice-of-law problems. Nelson v. International Paint Co., 716 F.2d 640, 643 (9th Cir. 1983). Under that approach, the Court first determines if the laws of the two jurisdictions differ. If they do differ, the Court determines whether both states have an interest in applying their respective law. If only one state has an interest, there is no "true conflict" of laws and the Court should apply the law of the interested jurisdiction. If both states have an interest in having their differing laws applied, a true conflict arises; in that case the Court should apply the law of the state whose interest would be more impaired if its law were not applied. Id.

Relator alleges that she was employed in Utah by Parsons, a Delaware corporation and PIT, a Nebraska corporation. Defendants contend that both Parsons and PIT have their principal place of business in California. The applicable statutes of limitation under California law are one year for the wrongful termination claim, Cal. Civ. Proc. Code § 340(3); and two years for the contract claims, Cal. Civ. Proc. Code § 339(1). The applicable statute of limitations under Utah law, is four years for each of the state claims. Utah Code Ann. § 78-12-25.

California's interest in applying its statute of limitations is to protect its residents and courts from the burdens associated with the prosecution of stale claims. Nelson, 716 F.2d at 644. As the place where the implied contract of employment allegedly was entered into, performed and breached in violation of Utah public policy, Utah has a strong interest in applying its statute of limitations to ensure the protection of its citizens from illegal employment practices by foreign corporations. Cf. Peterson v. Browning, 832 P.2d 1280, 1283 (Utah 1992) (exception to "at will" employment extends to persons terminated for refusing to violate federal law that implicates clear and substantial Utah public policy). Thus there is a true conflict of laws.

"Although California has an interest in protecting its courts from stale claims, that interest is at least equally balanced by its interest in allowing its residents to recover for injuries sustained in a state that would recognize their claim as timely." Ledesma v. Jack Stewart

1  Produce, Inc., 816 F.2d 482, 485 (9th Cir. 1986). The Court finds that in this case, Utah's interest
2  in protecting its employees and enforcing Utah public policy within its borders would be
3  impaired to a greater extent than California's interest in protecting its citizens from stale claims.
4  Because the Utah statute of limitations applies and claims two through five are not time-barred,
5  the Court need not address the parties' relation back arguments.

### C. The Court Declines to Exercise Supplemental Jurisdiction

In a separate argument regarding the sufficiency of claim three, Defendants raised the question of whether, under Peterson, the 2AC adequately identifies a Utah state interest in protecting employees who are terminated for refusing to violate the FCA in particular. The Court believes the allegations are sufficient. However, the question Defendants raise is apparently a matter of first impression in Utah. Defendants also contend, and the Court agrees, that Relator's contract claims will require proof on issues beyond the scope of what is required to establish her federal claims.

> Needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law.... [I]f it appears that the state issues substantially predominate, whether in terms of proof, of the scope of the issues raised, or of the comprehensiveness of the remedy sought, the state claims may be dismissed without prejudice and left for resolution to state tribunals. There may, on the other hand, be situations in which the state claim is so closely tied to questions of federal policy that the argument for exercise of pendent jurisdiction is particularly strong.

United Mine Workers of America v. Gibbs, 383 U.S. 715, 726 (1966); see also Executive Software North America, Inc. v. United States Dist. Court, 24 F.3d 1545, 1560 (9th Cir. 1994). The Court finds that the state claims are *not* so closely tied to the federal claims in this case. Therefore, the Court declines to exercise supplemental jurisdiction over the claims three through five pursuant to 28 USC §§ 1367(c)(1) & (c)(2).

### CONCLUSION

Based on the foregoing, the Court GRANTS Defendants' Motion to Dismiss claim one with leave to amend, and DENIES the Motion to Dismiss claims two, three, four and five. Claims three through five are dismissed without prejudice to permit filing in state court. As to claims one and two, Relator is ordered to file the amended complaint no later than March 7,

1  2000. Failure to do so will result in dismissal of claims one and two with prejudice.

3  **SO ORDERED.**

5  DATE: 2/17, 2000

CONSUELO B. MARSHALL
UNITED STATES DISTRICT JUDGE

- 8 -