```
Priority    ✓
Send        ✓
Enter       ✓
Closed      ✓
JS-5/JS-6   ✓
JS-2/JS-3   ___
Scan Only   ___
```

FILED
CLERK, U.S. DISTRICT COURT

APR 26 2001

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

ENTERED
CLERK, U.S. DISTRICT COURT

APR 27 2001

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, *ex rel.* PEGGY FOSTER and PEGGY FOSTER,<br><br>        Plaintiffs<br><br>vs.<br><br>THE PARSONS CORPORATION, PARSONS INFRASTRUCTURES & TECHNOLOGY GROUP, INC., THE RALPH M. PARSONS COMPANY (INC.), PARSONS ENGINEERING SCIENCE, INC. fka PARSONS ENGINEERING-SCIENCE, INC., PARSONS ENVIRONMENTAL SERVICES, INC., PARSONS MAIN, INC., PARSONS S.I.P., INC., PARSONS DEVELOPMENT COMPANY, PARSONS INTERNATIONAL, INC., BARTON-ASCHMAN ASSOCIATES, INC., DE LEUW CATHER & CO., INC., GILBERT/COMMONWEALTH, INC. fka GILBERT ASSOCIATES, INC., PARSONS HARLAND BARTHOLOMEW & ASSOCIATES, INC. fka HARLAND BARTHOLOMEW & ASSOCIATES, INC., AUS-MAIN CLEAN AIR TECHNOLOGIES,<br><br>        Defendants | No. CV 96-3675 CBM (SHx)<br><br>**ORDER** Dismissing Plaintiff's Remaining Claims Without Prejudice<br><br>[Plaintiff's Motion filed March 19, 2001; Defendants Cross-Motion filed March 26, 2001] |

The matters before the Court, the Honorable Consuelo B. Marshall, United States District Judge presiding, are (1) Plaintiff's Fed. R. Civ. P. 41(a)(2) Motion to Dismiss Without Prejudice and

APR 27 2001

/22

(2) Defendants' Cross-Motion to Dismiss with Prejudice. Upon consideration of the papers submitted, the Court grants Plaintiff's Motion to Dismiss Without Prejudice and denies Defendants' Cross-Motion to Dismiss with Prejudice as moot.

## JURISDICTION

This action is before the Court pursuant to 28 U.S.C. § 1331 and 31 U.S.C. § 3729.

## BACKGROUND AND PROCEDURAL HISTORY

Plaintiff Peggy Foster filed this action on behalf of herself and the United States on May 22, 1996. Plaintiff asserted claims against her former employer, The Parsons Corporation, and several of its affiliated companies, for (1) violation of the Federal Claims Act; (2) wrongful discharge under the Federal Claims Act; (3) wrongful discharge under state law; (4) breach of implied-in-fact employment contract; and (5) breach of implied covenant of good faith and fair dealing.

The Court dismissed Plaintiff's Third, Fourth and Fifth Causes of Action without prejudice to filing such claims in state court on February 17, 2000.[1] *See* Order entered February 18, 2000. Plaintiff's First claim was dismissed without prejudice for failure to plead fraud with particularity. *Id.* Plaintiff re-filed her First claim. The Court dismissed portions of Plaintiff's First claim on August 31, 2000, with prejudice. *See* Order dated August 31, 2000. Plaintiff's Second claim and portions of her First claim remain in this action.

Plaintiff filed a Motion for Voluntary Dismissal Without Prejudice on March 19, 2001. Defendant filed an Opposition to Plaintiff's Motion to Dismiss and a Cross-Motion to Dismiss with Prejudice on March 26, 2001.

## DISCUSSION

Plaintiff seeks the dismissal of "all claims" in this action without prejudice. Plaintiff's Motion at 1. Defendant does not oppose Plaintiff's Motion to Dismiss without prejudice -- except to the extent the Court has already dismissed certain claims with prejudice in its August 31, 2001 Order. Defendant argues, in the alternative, if the Court decides to dismiss "all claims" with

---

[1] Plaintiff re-filed her Third, Fourth and Fifth claims in state court in Utah. *See* Plaintiff's Motion, Ex. A.

prejudice, the Court should condition such dismissal on an award of attorney's fees to Defendant.

Plaintiff must obtain court approval to dismiss pursuant to Fed. R. Civ. P. 41(a)(2) after service of an answer or summary judgment motion. Rule 41(a)(2) states, in relevant part, that "[t]he action shall not be dismissed at the plaintiff's instances save upon the order of the court and upon such terms and conditions as the court deems proper." FED. R. CIV. P. 41(a)(2). The court considers three issues when exercising its discretion to dismiss the action: (1) whether to allow dismissal at all; (2) whether the dismissal should be with or without prejudice; and (3) what terms and conditions, if any, should be imposed. *Spencer v. Moore Business Forms, Inc.*, 87 F.R.D. 118, 119 (N.D. Cal. 1980). Courts generally allow dismissal unless defendant will suffer "some plain legal prejudice." *Hamilton v. Firestone Tire & Rubber Co.*, 679 F.2d 143, 145 (9th Cir. 1982). Legal prejudice is "prejudice to some legal interest, some legal claim, some legal argument." *Westlands Water District v. United States*, 100 F.3d 94, 97 (9th Cir. 1996). A defendant may suffer legal prejudice by a dismissal without prejudice with respect to claims previously dismissed with prejudice. *Spencer*, 87 F.R.D. at 119.

Portions of Plaintiff's First claim under the Federal Claims Act -- i.e., all claims except those based on government contracts No. DAAA15-90-D-0003 ("Dugway Project") and No. UT950001 ("Hill Air Force Base") -- were dismissed with prejudice in the Court's August 31, 2000 Order. Permitting Plaintiff to "dismiss" these claims without prejudice would result in legal prejudice to Defendant. Defendant does not object to dismissing the Plaintiff's remaining claims -- namely, her Second claim and the remainder of Plaintiff's First claim -- without prejudice.

## CONCLUSION

Based on the foregoing, the Court **GRANTS** Plaintiff's Motion to Dismiss Plaintiff's remaining claims without prejudice. The Court **DENIES** Defendant's Cross-Motion to Dismiss with Prejudice as moot.

**SO ORDERED.**

DATE: April 26, 2001

CONSUELO B. MARSHALL
UNITED STATES DISTRICT JUDGE